Argued and submitted March 3, affirmed June 7, 2000

# BUCKMAN COMMUNITY ASSOCIATION,
Susan Lindsay, Tom Hallman,
Andrew Eisman, and Mark Wells,
*Petitioners,*

*and*

Lisa LONG,
*Petitioner below,*

*v.*

CITY OF PORTLAND
and Out Front House, Inc.,
*Respondents.*

(LUBA Nos. 98-128, 98-144; CA A107868)

5 P3d 1203

Daniel Kearns argued the cause for petitioners. With him on the brief was Reeve Kearns, PC.

Peter A. Kasting, Sr. Deputy City Attorney, argued the cause and filed the brief for respondent City of Portland.

J. Richard Forester argued the cause for respondent Out Front House, Inc. With him on the brief was Grenley, Rotenberg, Evans, Bragg & Bodie, P.C.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer,* Judge.

DEITS, C. J.

---

* Brewer, J., *vice* Kistler, J.

## DEITS, C. J.

Petitioners seek review of LUBA's decision affirming use determinations, made by a principal planner for the City of Portland, that two residential treatment facilities for delinquent or dependent adolescents are permitted outright in the single-family dwelling residential zones where the facilities are or will be located. We affirm.

■ Petitioners appealed to LUBA from the planner's determinations. LUBA first rejected petitioners' procedural arguments, which were to the effect that the city's decision necessarily required the exercise of "discretion"[1] and that the city failed to follow certain notice and hearing requirements that apply in connection with "discretionary decisions." LUBA observed that "[p]etitioners' argument assumes the challenged decisions are 'permits,' as that term is defined by ORS 227.160(2)." Under that statute, a "permit" is defined *inter alia* as a "discretionary approval of a proposed development of land" pursuant to city land use legislation. ORS 227.160 *et seq.* requires cities to provide notice, hearing, and other procedural protections in rendering permit decisions. However, LUBA concluded that use determinations of the kind in question are not subject to the statutory definition of "permit" or to the related procedural requirements, because ORS 227.160(2)(b) excepts from the definition:

> "A decision which determines the appropriate zoning classification for a particular use by applying criteria or performance standards defining the uses permitted within the zone[.]"

LUBA noted further that that provision excludes use determinations from the definition of "permit," whether or not the determinations require the exercise of discretion. As LUBA explained:

> "In 1991, the legislature adopted the provisions codified at ORS 227.160(2)(b). The effect of the statute was to overrule a line of cases that held that making a decision about

---

[1] As used here, the term "discretion" and its derivatives refer to a decision that requires the application of judgment or some form of evaluation, as distinct from "nondiscretionary" decisions that can be made solely by reference to objective criteria.

whether a use is allowed in a particular zone may constitute a 'permit,' within the meaning of ORS 227.160(2), if the decision involves the exercise of discretion. *See Flowers v. Klamath County*, 98 Or App 384, 392, 780 P2d 227 (1989) (decision classifying a medical waste incinerator as a scrap operation). The legislation is clear on its face. *PGE v. Bureau of Labor and Industries*, 317 [Or] 606, 611, 859 P2d 1143 (1993). The exemption provided in ORS 227.160(2) does not depend on the decision being non-discretionary. Indeed, it is the discretionary nature of some use determinations that makes the exemption necessary in the first place. Even if the statute were ambiguous, the city cites legislative history that is clearly contrary to petitioners' position. Except for their arguments that the statutes do not apply here, petitioners do not challenge the city's compliance with either ORS 227.160(2)(b) or ORS 227.175(11)."

LUBA then turned to and rejected petitioners' contentions that the planner had misinterpreted and misapplied four specific terms in the city's zoning regulations, which she relied on in reaching her conclusion that the uses are permitted in the zone. Consequently, LUBA affirmed the city's decisions.

Petitioners now seek our review and advance two assignments of error. In the first, they argue that, contrary to LUBA's determination that ORS 227.160(2)(b) is the relevant provision, the city's decisions were subject to various provisions of the city's own code, which required greater procedural protections than those the city afforded. Petitioners explain that the application for the use determinations, the notices of the proceedings that the city sent petitioners, and the planner's decisions themselves all referred to section 33.700.010 of the Portland City Code as the basis for the city's action.[2] That section expressly applies only to "nondiscretionary" reviews. However, petitioners argue that the determinations here were discretionary and that certain specific provisions of the code other than section 33.700.010 are applicable to use determinations that involve the exercise of discretion. In their second assignment, petitioners assert

---

[2] The city acknowledges that the references to the code section were made, but contends that they were a mistake and that the city, in fact, applies ORS 227.160(2)(b), rather than any local provisions, to its use determinations.

that LUBA erred in failing "to evaluate whether the challenged decisions involved discretion."

■     As important as the arguments that petitioners do make, however, are four that they do not. First, petitioners do not contend that LUBA was mistaken in its interpretation that ORS 227.160(2)(b) applies to, and excepts from the requirements for "permits," use determinations that are discretionary in nature as well as those that are nondiscretionary. Second, petitioners do not contend that, unless some local provision supersedes it, ORS 227.160(2)(b) is not applicable by its terms to the two decisions in question. Next, petitioners do not argue that the city's giving notice of and purporting to act under a code provision that it did not in fact apply is reversible error in and of itself, apart from the procedural rights that petitioners assert they were entitled to under *other* provisions of the city code. And fourth, petitioners do not challenge LUBA's conclusions that the planner correctly interpreted and applied each of the substantive zoning provisions on which she based her determinations that the uses are permitted.

Given the arguments that petitioners do not make, it is doubtful whether they could demonstrate reversible error, even if every argument that they do make was correct. All that they could establish is procedural error, while leaving undisturbed LUBA's conclusion that the city's decisions were substantively correct. *See* ORS 197.835(9)(a)(B). Be that as it may, we conclude that not all of petitioners' arguments are correct. As the city contends and LUBA held, none of the city code provisions on which petitioners rely applies specifically to use determinations or requires such determinations to be made as discretionary decisions that carry with them any procedural rights beyond the ones that petitioners received. Because we conclude that the code provisions were not applicable here, it is unnecessary to address petitioners' second assignment of error.

All that petitioners are left with, in the posture of the case, is that the city nominally followed a code provision that petitioners themselves contend is inapplicable instead of an applicable state statute that permitted the city to do exactly what it did. Although the city's processing of this case was

less than clear and understandably was confusing to the parties, as LUBA correctly concluded, the statute allowed the city to make the decision that it did. Petitioners show no basis for reversal.

Affirmed.